1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| STEVEN BROOKS, | ) 1:10-cv—02264-SKO-HC |
|---|---|
|  | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
|  | ) WRIT OF HABEAS CORPUS FOR FAILURE |
|  | ) TO STATE A COGNIZABLE CLAIM |
| v. | ) (DOC. 1) AND DIRECTING THE CLERK |
|  | ) TO CLOSE THE ACTION |
| HARRINGTON, | ) |
|  | ) ORDER DECLINING TO ISSUE A |
| Respondent. | ) CERTIFICATE OF APPEALABILITY |
|  | ) |
|  | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 23, 2010 (doc. 5). Pending before the Court is the petition, which was filed on December 6, 2010.

I.   Jurisdiction

Petitioner, who is an inmate of Kern Valley State Prison

(KVSP) serving a sentence of over eight years, challenges a prison disciplinary finding made at California State Prison at Solano (CSP) on October 20, 2006, that Petitioner possessed an inmate-manufactured weapon in violation of Cal. Code Regs., tit. 15, §3006(a), which resulted in a forfeiture of 181 days of earned time credits. (Pet. 4-6, 24.)  Petitioner seeks dismissal of the charge, restoration of credits, and release. (Pet. 21.)

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).

Plaintiff claims that in the course of the proceedings resulting in the disciplinary finding, he suffered violations of his right to equal protection and due process of law guaranteed by the Fourteenth Amendment.  Because violations of the Constitution are alleged, it is concluded that the Court has subject matter jurisdiction over the instant petition.

Further, Petitioner names as Respondent "Harrington." (Pet. 1.)  Reference to the facilities website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden of KVSP is Kelly Harrington.  Petitioner has thus

2

named as Respondent a person who has custody of the Petitioner within the meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules).  See, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Accordingly, this Court has jurisdiction over this action and over Respondent Harrington, Warden of KVSP.

II.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas

3

corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, a review of the petition demonstrates that Petitioner has included apparently complete documentation of the challenged disciplinary proceedings and Petitioner's exhaustion of the administrative remedies available to Petitioner within the CDCR. (Pet. 1-48, 30-32, 44.)

Petitioner claimed in the disciplinary proceedings and alleges in the petition that he did not possess the weapon, which was found in a vent over the sink in the cell he shared with another inmate, because he did not have access to it or knowledge of its presence.  He contended that he had only recently moved into the cell in question.  (Pet. 16, 25.)  Other than Petitioner's denial that he possessed the weapon, there do not appear to be any disputed material facts with respect to the disciplinary proceedings or the evidence underlying the finding that Petitioner possessed the weapon.

Accordingly, the Court will proceed to determine whether Petitioner's allegations state a cognizable claim for habeas corpus relief.

III.   <u>Factual Allegations</u>

Correctional Sergeant D. Whitson reported in a rules violation report dated September 18, 2006, that during a cell search, a single-edged razor in a Bugler case with tattoo needles and a note of a type associated with northern Hispanic gangs

4

were discovered in Petitioner's cell.  (Pet. 24.)  The razor blade
had cellophane at one end to be used as a handle.  (Id.)  Whitson
gave a consistent statement concerning the weapons and their
discovery via telephone at the hearing on the charge.  (Pet. 26.)
Correctional Lieutenant Jackson, the hearing officer, reported
that Whitson stated that she had seen both Petitioner and his
cell mate moving around in their cell while throwing things into
the toilet, and during a subsequent cell search the razor blade
was discovered in the air vent.  (Pet. 25.)

    With respect to the procedures relating to the disciplinary
hearing, Petitioner was given notice of the charges.  (Pet. 24.)
Petitioner pled not guilty.  (Pet. 24.)

    Following Petitioner's request for an investigative employee
(IE), Officer Parks was assigned and subsequently accepted by
Petitioner.  (Pet. 28.)  Parks interviewed Whitson on September
28, 2006.  Parks reported that Whitson stated that during a cell
search the cell door was jammed; Petitioner and cell mate Dunlap
were scrambling to get rid of contraband in the toilet and vent
above the sink; after restraint of both inmates, the razor blade,
tattoo gun with needles, and a mini note were found in the cell.
(Pet. 28.)

    The petition shows that Whitson's rules violation report was
given to Petitioner on September 21, 2006; the crime incident
report dated September 18, 2006, was issued to Petitioner on the
same date; and the IE's report, dated September 27, 2006, was
issued to Petitioner on October 3, 2006.  (Pet. 25.)

    Although the IE's report reflects that Petitioner told Parks
that he did not want Whitson or any staff or inmate witnesses at

the hearing (Pet. 28-29), the report of the hearing officer reflects that Petitioner requested that Sgt. Whitson be made available.  She gave a statement by telephone.  (Pet. 25.) Petitioner did not object to Whitson's telephonic presence at the hearing.  (Pet. 26.)

The evidence presented at the hearing was Whitson's report, the crime incident report, Whitson's telephonic statement, and the investigative employee's report.  The hearing officer found Petitioner guilty based on a preponderance of the evidence, including Whitson's report of the evidence found in the cell as well as her statement at the hearing.  (Pet. 26.)

IV.  <u>Legal Standards</u>

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000).

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1

     (e)(1) In a proceeding instituted by an application
for a writ of habeas corpus by a person in custody
pursuant to the judgment of a State court, a
determination of a factual issue made by a State
court shall be presumed to be correct. The applicant
shall have the burden of rebutting the presumption
or correctness by clear and convincing evidence.

The Petitioner bears the burden of establishing that the decision
of the state court was contrary to, or involved an unreasonable
application of, the precedents of the United States Supreme
Court. <u>Lambert v. Blodgett</u>, 393 F.3d 943, 970 n.16 (9th Cir.
2004); <u>Baylor v.Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996).

     With respect to prison disciplinary proceedings, procedural
due process of law requires that where the state has made good
time subject to forfeiture only for serious misbehavior,
prisoners subject to a loss of good-time credits must be given
advance written notice of the claimed violation, a right to call
witnesses and present documentary evidence where it would not be
unduly hazardous to institutional safety or correctional goals,
and a written statement of the finder of fact as to the evidence
relied upon and the reasons for disciplinary action taken. <u>Wolff
v. McDonnell</u>, 418 U.S. 539, 563-64 (1974). Confrontation, cross-
examination, and counsel are not required. <u>Wolff</u>, 418 U.S. at
568-70.

     Further, where good-time credits are a protected liberty
interest, the decision to revoke credits must be supported by
some evidence in the record. <u>Superintendent v. Hill</u>, 472 U.S.
445, 454 (1985). The Court in <u>Hill</u> stated:

     We hold that the requirements of due process are
satisfied if some evidence supports the decision by the
prison disciplinary board to revoke good time credits.
This standard is met if "there was some evidence from
which the conclusion of the administrative tribunal

could be deduced...." <u>United States ex rel. Vajtauer v.</u> <u>Commissioner of Immigration</u>, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. <u>See</u> <u>ibid.</u>; <u>United States ex</u> <u>rel. Tisi v. Tod</u>, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); <u>Willis v. Ciccone</u>, 506 F.2d 1011, 1018 (CA8 1974).

<u>Superintendent v. Hill</u>, 472 U.S. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board. There need only be some evidence in order to ensure that there was some basis in fact for the decision. <u>Superintendent v.</u> <u>Hill</u>, 472 U.S. at 457.

V.   <u>Analysis</u>

A.   <u>Some Evidence to Support the Finding</u>

With respect to the requirement that some evidence support the finding that Petitioner possessed the weapon, this Court does not make its own assessment of the credibility of witnesses or re-weigh the evidence. The Court must, however, ascertain that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." <u>Cato v.</u> <u>Rushen</u>, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985)).

In <u>Cato v. Rushen</u>, 824 F.2d at 705, the Court found that the <u>Hill</u> standard was not satisfied where the only evidence implicating the inmate was another inmate's statement that was related to prison officials through a confidential informant who

had no first-hand knowledge of any relevant statements or actions by the inmate being disciplined, and whose polygraph results were inconclusive.  In contrast, evidence evaluated and found to constitute "some evidence" supportive of various findings has included the report of a prison guard who saw several inmates fleeing an area after an assault on another inmate when no other inmates were in the area, Superintendent v. Hill, 472 U.S. 456-57; the statement of a guard that the inmate had admitted a theft to supplement his income, coupled with corroborating evidence, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989); an inmate's admission and corroborating, circumstantial evidence, Crane v. Evans, 2009 WL 148273, *3 (N.D.Cal. Feb. 2, 2009); and an inmate's admission of having engaged in the violation plus an officer's report of having heard a recording of the offending conversation, Dawson v. Norwood, 2010 WL 761226, *1 (C.D.Cal. March 1, 2010).

     The Court has reviewed the allegations of the petition and the documentation provided by Petitioner in support of the petition and concludes that the finding of possession was supported by some evidence, including Sgt. Whitson's report of her discovery and logging of the contraband, and her statement. Whitson's statement was based on personal knowledge of the discovery of the contraband.  (Pet. 25.)

     Petitioner argues that Whitson gave conflicting statements to investigative employee Parks.  Whitson said she found Petitioner and Dunlap disposing of contraband in the toilet and vent area; documentation showed that it was alleged that Petitioner and a new cell mate, Dunlap, refused staff orders to

9

exit their cells, after which they left, and a weapon was found in an air vent above the cell. (Pet. 14.) Petitioner alleges that Whitson was not present at the cell door, which Whitson said was jammed; the identity of officials arriving at the cell door was suppressed; and Whitson gave contradictory answers regarding whether water was available in the cell. (Pet. 15.) Petitioner argues there was no documentary or photographic evidence showing that the weapon was accessible from the vent. Petitioner further asserts that the vent was accessible only from an exterior position or through a janitor's access. (Pet. 16.) Thus, Whitson's testimony does not constitute "some evidence." (Pet. 17.)

However, Petitioner's arguments are essentially an invitation to this Court to reweigh the evidence, which is not within the scope of this Court's scope of review.

B. Failure to Interview Witnesses and Obtain Relevant Information

Petitioner argues that prison officials failed to interview requested witnesses and obtain relevant information. Petitioner contends that investigative employee Parks failed to conduct an investigation adequate pursuant to Cal. Code Regs., tit. 15, §§ 3315 and 3318; Petitioner requested all witnesses and involved staff be interviewed, the weapon or weapons be tested for fingerprints and DNA, and logs of previous cell searches be checked pursuant to § 3287; he further requested that this evidence be disclosed to him before the hearing pursuant to § 3320(a). (Pet. 14-15, 19-20, 28-30.) Petitioner alleges that officials failed to obtain the evidence concerning previous

searches, and failed to disclose evidence, including photographs
of the weapons and other photos pertaining to the rules violation
and search logs of the cell, which would have tended to show when
the cell was last cleared of contraband.

Federal habeas relief is available to state prisoners only
to correct violations of the United States Constitution, federal
laws, or treaties of the United States.  28 U.S.C. § 2254(a).
Federal habeas relief is not available to retry a state issue
that does not rise to the level of a federal constitutional
violation.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).
Alleged errors in the application of state law are not cognizable
in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623
(9th Cir. 2002).

Petitioner's claims concerning an absence of compliance with
the state regulatory laws governing prison investigations
constitute claims premised upon state law and as such would not
entitle Petitioner to federal habeas corpus relief.  Thus, they
are not cognizable and will be dismissed.

To the extent that Petitioner may be attempting to rely on
federal law, in Wolff v. McDonnell, 418 U.S. 539 (1974), the
Court declined to require the assistance of counsel at prison
disciplinary hearings.  The court noted that in certain limited
circumstances, due process might require that an inmate be
allowed the assistance of a fellow inmate or staff member so that
he might be able to collect and present the evidence necessary
for an adequate comprehension of the case.  Wolff, 418 U.S. at
570.  The circumstances specified by the Court that may prompt
assistance include illiteracy and presence of an issue so complex

11

1  that it is unlikely that an inmate will be able to collect and

2  present the evidence necessary for an adequate comprehension of

3  the case.  Id.

4       Here, Petitioner has not alleged that he is illiterate.  The

5  hearing officer's report reflects that Petitioner did not

6  manifest an inability to communicate effectively during the

7  hearing, and he expressed his understanding of the charges.

8  Further, a mental health assessment was not ordered.  (Pet. 25.)

9  Petitioner was assigned an investigative employee pursuant to

10  Cal. Code Regs., tit. 15, § 3315 because he was housed in

11  administrative segregation.  (Id.)  Petitioner did have the

12  assistance of an employee.

13       Further, the issues were not complex.  The charge involved a

14  simple offense of possession of a weapon and straightforward

15  evidence involving observation of the contraband in the cell as

16  well as furtive and obstructive activity on the part of

17  Petitioner and his cell mate.  This evidence provided ample basis

18  for an inference of knowledgeable possession.  This does not

19  appear to be an instance where fundamentally fair procedure

20  requires forensic testing of the evidence.

21       Accordingly, the Court concludes that Petitioner's claim

22  concerning an absence of an adequate investigation does not state

23  a claim cognizable on federal habeas corpus.

24            C.  Failure to Remedy the Violations

25       Petitioner argues that the hearing officer failed to remedy

26  the defective investigation and consider the cell search logs as

27  to when the cell was last cleared.  (Pet. 16.)  Petitioner

28  further alleges that the warden, as supervisor of the employees,

was liable because he had the power to remedy the violations.
(Pet. 18.)

     To the extent that these claims concern the hearing
officer's or warden's alleged failure to remedy state law
violations, they are premised solely upon state law.  To the
extent that they are based upon federal law, Petitioner has not
alleged facts demonstrating a denial of due process.  Therefore,
the claim concerning the hearing officer's or warden's failure to
remedy Petitioner's complaints does not entitle Petitioner to
federal habeas relief, and will be dismissed.

          D.   The Hearing Officer's Failure to Document
               Questions and Reasons for Denying Witnesses

     Petitioner argues that the hearing officer failed to allow
him adequate examination of witnesses and failed to document any
reasons for denying witnesses.  (Pet. 4-5, 10, 14, 16.)
Petitioner argues that he had a right to call witnesses unless
there was a legitimate basis for exclusion and a statement of
reasons for refusal to have witnesses.  (Pet. 19.)  Petitioner
alleges that his examination of Whitson by telephone at the
hearing was inadequate because she was unable to hear one of
Petitioner's questions concerning whether if she had really been
at the cell, she would be able to make her mind up about whether
the water was on in the cell at the time.  (Pet. 36.)  When asked
if she could identify Petitioner at the hearing, Whitson
explained that she was at a distance and participated
telephonically, and thus could not identify any one of the
participants.  (Pet. 36.)  Further, Petitioner asserts that he
did not receive answers to his questions, such as why Whitson's

observations concerning the placement in the vent of the

contraband were not in her incident report, why she did not spray

the inmates or direct them to the back of the cell, whether

string was tied to the weapon to pull it from the vent, and how

the weapon was situated.  (Id.)

Initially, the Court notes that it does not appear that

Petitioner was denied any request for witnesses at the hearing.

The hearing officer's report reflects that Petitioner did not

object to proceeding with the hearing.  (Pet. 25.)  Petitioner's

request that Sgt. Whitson be available for examination was

granted.  Petitioner did not object to her telephonic appearance,

which was permitted by the pertinent state regulatory law.  (Pet.

32 [administrative appellate decision referring to Cal. Code

Regs. tit. 15, § 3315].)  The portion of the hearing officer's

report concerning witnesses states:

> Inmate Brooks requested the following witness:
> Staff:  Sgt. Whitson (granted) Passed on:
> Reporting Employee
> Witness Statement:  She seen both inmates move
> around in their cell throwing things into the
> toilet.

(Pet. 25.)  This entry is reasonably interpreted as reflecting a

request for only a single witness, Whitson, who was otherwise

referred to by prison documentation and by Petitioner as the

reporting employee.  (Pet. 24, 28, 14, 35.)  Further, in the

petition, Petitioner does not identify any other witnesses he

requested.  He specifically identifies his "requested witness" as

Whitson.  (Pet. 35.)

Thus, it does not appear that Petitioner was denied

witnesses or that he objected to any aspect of the proceeding

relating to examination of witnesses.  (<u>Id.</u> at 25-26.)  That
Petitioner did not receive the precise answers he desired from
witness Whitson does not undercut the conclusion that Whitson was
made available for Petitioner to examine at the hearing.

Further, Petitioner's questions concerning Whitson's
reporting of her observations, her failure to spray the inmates
or direct them to the back of the cell, the position and
condition of the weapons when found, and her allegedly
inconsistent statements concerning the status of water in the
cell do not support a finding of prejudicial denial of due
process.  The rules violation report and the crime incident
report both reflect that Whitson initially reported that after
Petitioner and his cell mate refused staff orders to exit their
cell, Whitson searched Petitioner's cell and discovered the
weapons lying in the air vent above the sink.  (Pet. 24, 39.)
This evidence supports an inference that the weapons were
accessible to inhabitants of the cell.

Whitson's failure to undertake certain procedures with
respect to the inmates does not undercut her testimony concerning
her personal knowledge of the events in question.  Her inability
to identify Petitioner at the hearing is inconsequential because
of the controlled setting in which the incident occurred.
Petitioner and his cell mate were in the cell at the commencement
of the incident and remained there throughout; the facts do not
suggest that any third party, as distinct from Petitioner, was
present at the time of the discovery of the contraband or was
otherwise responsible.  Petitioner's general allegations of
deprivation of the right to cross-examine are unsupported by a

statement of specific facts showing a violation that warrants
habeas relief.   See, James v. Borg, 24 F.3d 20, 26 (9th Cir.
1994).

Therefore, Petitioner has not shown any prejudicial denial
of due process.  Cf., Brecht v. Abrahamson, 507 U.S. 619, 637
(1993) (determining that habeas relief is warranted when an error
resulted in actual prejudice, or had a substantial and injurious
effect or influence in determining the jury's verdict); Schenck
v. Edwards, 921 F.Supp. 679, 687-88 (E.D.Wash. 1996).
Petitioner's claim concerning witnesses does not constitute a
basis for habeas relief.

E.   Denial of Equal Protection

Petitioner further alleges what the Court understands to be
a claim concerning a denial of equal protection of the laws
concerning prison officials' dismissing the charges against cell
mate and co-defendant Dunlap, restoring Dunlap's credit, and
releasing him on parole early.  (Pet. 5.)

To the extent that Petitioner complains that state law did
not authorize the disposition of Dunlap's case, Petitioner's
complaint does not state a basis for federal habeas relief.

Prisoners are protected under the Equal Protection Clause of
the Fourteenth Amendment from invidious discrimination based on
race, religion, or membership in a protected class subject to
restrictions and limitations necessitated by legitimate
penological interests.  Wolff v. McDonnell, 418 U.S. 539, 556
(1974); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979).  The Equal
Protection Clause essentially directs that all persons similarly
situated should be treated alike.  City of Cleburne, Texas v.

16

<u>Cleburne Living Center</u>, 473 U.S. 432, 439 (1985).  Violations of
equal protection are shown when a respondent intentionally
discriminated against a petitioner based on membership in a
protected class, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686
(9th Cir. 2001), or when a respondent intentionally treated a
member of an identifiable class differently from other similarly
situated individuals without a rational basis, or a rational
relationship to a legitimate state purpose, for the difference in
treatment, <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564
(2000).

Here, Petitioner has not alleged that membership in a
protected class was the basis of any alleged discrimination.
Further, it appears from the petition that Petitioner alleged
that his cell mate had become an informant, was able to have his
rules violation charge dismissed because he cooperated with the
institution's gang investigator and security and investigations
staff, and was ultimately paroled in June 2007.  (Pet. 44.)
Thus, because it is shown that the cell mate cooperated with the
prison authorities with respect to the legitimate security needs
of the institution, it appears that Petitioner and his cell mate
were not similarly situated with respect to the events in
question.  Accordingly, the different treatment of the cell mate
and Petitioner does not entitle Petitioner to habeas relief.

In summary, Petitioner has failed to state in the petition
specific facts that point to a real possibility of constitutional
error and that would entitle Petitioner to habeas relief.
Because full documentation of the disciplinary proceedings has
been provided to the Court, Petitioner cannot amend the petition

17

to state facts that would entitle him to relief.  Therefore, the petition will be dismissed.

VI.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an

1  applicant to show that the appeal will succeed.  <u>Miller-El v.</u>
2  <u>Cockrell</u>, 537 U.S. at 338.

3      A district court must issue or deny a certificate of
4  appealability when it enters a final order adverse to the
5  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

6      Here, it does not appear that reasonable jurists could
7  debate whether the petition should have been resolved in a
8  different manner.  Petitioner has not made a substantial showing
9  of the denial of a constitutional right.  Accordingly, the Court
10 will decline to issue a certificate of appealability.

11     VII.  <u>Disposition</u>

12     Accordingly, it is ORDERED that:

13     1)  The petition is DISMISSED for failure to state a
14 cognizable claim pursuant to 28 U.S.C. § 2254; and

15     2)  The Clerk is DIRECTED to close the action because this
16 order terminates the case; and

17     3)  The Court DECLINES to issue a certificate of
18 appealability.

19
20 IT IS SO ORDERED.

21 **Dated:   January 18, 2011**          _____**/s/ Sheila K. Oberto**_____
                                        UNITED STATES MAGISTRATE JUDGE
22
23
24
25
26
27
28

19